# IN THE COURT OF APPEALS OF IOWA

No. 17-1389
Filed December 6, 2017

**IN THE INTEREST OF J.T.,**
**Minor Child,**

**S.T., Mother,**
　　　　Appellant.

_____


　　　　Appeal from the Iowa District Court for Polk County, Romonda D. Belcher,

District Associate Judge.


　　　　A mother appeals the termination of her parental rights to her child.

**AFFIRMED.**


　　　　Monica L. Cameron of Cameron Law Firm, P.C., Des Moines, for appellant

mother.

　　　　Thomas J. Miller, Attorney General, and John B. McCormally, Assistant

Attorney General, for appellee State.

　　　　Kimberly S. Ayotte of Youth Law Center, Des Moines, guardian ad litem for

minor child.


　　　　Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to her child, born in late 2015. She does not contest the grounds for termination. She argues termination was not in the child's best interest and the district court should have granted her additional time to work towards reunification.

The mother has a lengthy history with the department of human services prompted by substance abuse, failure to manage her mental health issues, and failure to set appropriate boundaries to safeguard her children. Her older two children were adjudicated in need of assistance. When her third child was five days old, the department sought and obtained his removal. The child was subsequently adjudicated in need of assistance and was transferred to the department's custody for placement in foster care, where he remained throughout the proceedings.

The mother took a parenting class and progressed with some services. When the child was a little over one year old, the district court ordered a thirty-day trial home placement. In preparation for the placement, the department facilitated overnight visits between mother and child. In short order, the mother informed the department she was overwhelmed by the visits, and the district court canceled the trial home placement.

Meanwhile, the mother was evicted from her apartment for nonpayment of rent and was waiting to sign a lease on another apartment. At the termination hearing, she was asked whether she wished to have the child immediately returned to her custody. She responded, "Honestly, no." She requested a one-month extension to get her "housing situated."

The juvenile court found an extension unwarranted. The court reasoned, "[T]he mother has had nearly uninterrupted [department] involvement and services since January 2014. It is unlikely that she will be able to make the necessary changes in a reasonable enough time to facilitate [the child's] return to her care and custody." The court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(h) (2016), which requires proof of several elements including proof the child cannot immediately be returned to the mother's custody. The court found termination in the best interest of the child based on the "strained" bond between mother and child. *See* Iowa Code § 232.116(2). That bond, the court said, was insufficient to invoke statutory exceptions to termination. *See id.* § 232.116(3).

On our de novo review of the record, we agree with the district court's resolution. The seventeen-month-old child was out of the mother's care for all but the first five days of his life and three overnights. Understandably, the child's attachment to the mother had waned. Termination was in the child's best interest and application of the permissive exceptions to termination was unwarranted. *See In re P.L.*, 778 N.W.2d 33, 39-40 (Iowa 2010).

We affirm the termination of the mother's parental rights to this child.

**AFFIRMED.**